IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAMAR HAYMES, :
         Petitioner, :
          :
      v. : Civil No. 2:21-cv-1022-JMG
          :
MICHAEL GOURLEY, *et al.*, :
         Respondents. :

**ORDER**

**AND NOW**, this 19th day of April, 2024, after considering (1) the *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 filed by Petitioner Lamar Haymes ("Haymes") (ECF No. 1), (2) Haymes' separately filed exhibits in support of his Petition (ECF No. 4), (3) the state court record, (4) Haymes' Memorandum of Law in Support of his Petition for Writ of Habeas Corpus (ECF No. 29), (5) Respondents' Response to Petition for Writ of Habeas Corpus (ECF No. 37), (6) United States Magistrate Judge Lynne A. Sitarski's Report and Recommendation (ECF No. 46), and (7) Haymes' Objections to the Report and Recommendation (ECF No. 49), **IT IS HEREBY ORDERED AS FOLLOWS:**

    1.    The Clerk of Court is **DIRECTED** to **AMEND** the caption in this case to **REMOVE** Mark Garman as a Respondent and **ADD** Michael Gourley, Superintendent of SCI-Camp Hill, as a Respondent;[1]

    2.    The Clerk of Court shall **SERVE** a copy of this Order upon Mr. Gourley at the following address: SCI-Camp Hill, P.O. Box 8837, 2500 Lisburn Road, Camp Hill, PA 17001;

    3.    Haymes' Objections to the Report and Recommendation (ECF No. 49) are **OVERRULED**;[2]

4. Judge Sitarski's Report and Recommendation (ECF No. 46) is **APPROVED** and **ADOPTED**;

5. Haymes' Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (ECF No. 1) is **DENIED**;

6. There is no cause for the issuance of a certificate of appealability;[3] and

7. The Clerk of Court shall **MARK** this action as **CLOSED**.

BY THE COURT:


*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[1] As Judge Sitarski indicates in the Order attached to her Report and Recommendation, Haymes named Mark Garman as a Respondent in his Petition because Haymes was incarcerated at SCI-Rockview at the time of its filing, and Mr. Garman was the Superintendent of that Pennsylvania state correctional institution. *See* ECF No. 46-1 n.1; *see also* 28 U.S.C. 2243 ("The writ, or order to show cause shall be directed ***to the person having custody of the person detained***." (emphasis added)). As the Court explains below, Haymes is now incarcerated at SCI-Camp Hill, and Michael Gourley is the Superintendent of that correctional facility. Accordingly, the caption is amended to included Mr. Gourley as a Respondent.

[2] The Court must first address the timeliness of Haymes' Objections. Ordinarily, parties have 14 days to file objections to a report and recommendation. *See* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); E.D. Pa. Loc. Civ. R. 72.1IV(b) ("Any party may object to a magistrate judge's proposed findings, recommendations or report under 28 U.S.C. 636(b)(1)(B), and subsections 1(c) and (d) of this Rule within fourteen (14) days after being served with a copy thereof. Such party shall file with the Clerk of Court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections."). In this case, because the Clerk of Court attempted to serve the Report and Recommendation on Haymes by mail, *see* Third Unnumbered Docket Entry Between ECF Nos. 46 and 47, Haymes would have been entitled to an additional three days to file objections. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."); *Kabacinski v. Bostrom Seating, Inc.*, 98 F. App'x 78, 82 (3d Cir. 2004) ("We have recognized that Rule 6[(d)] 'adds a rebuttable presumption of three

days' mailing time to be added to a prescribed period whenever a statutory period begins on receipt or service of notice.'" (quoting *Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 108 n.5 (3d Cir. 2003))). This additional period would have given Haymes until November 26, 2023, to file objections; however, since this date was a Sunday, Haymes would have had until Monday, November 27, 2023, to file objections. *See* Fed. R. Civ. P. 6(a)(1)(C) ("When the period [for a party to act] is stated in days or a longer unit of time . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). Haymes' Objections were not docketed by the Clerk of Court until January 4, 2024, which was more than a month after they were due. *See* ECF No. 49. Nevertheless, it appears that the Objections are timely due to how Haymes first received notice of the Report and Recommendation.

In this regard, the Clerk of Court had to resend the Report and Recommendation to Haymes at his current mailing address on December 12, 2023, because Haymes had failed to notify the Court that he was transferred from SCI-Rockview to SCI-Camp Hill. *See* ECF No. 48 (showing envelope containing Report and Recommendation was returned to the Clerk of Court because it was addressed to Haymes at SCI-Rockview and he was no longer incarcerated at that location); E.D. Pa. Loc. Civ. R. 5.1(b) ("Any party who appears *pro se* shall file with the party's appearance or with the party's initial pleading, a physical address and an email address when available where notices and papers can be served. The party shall notify the Clerk within fourteen (14) days of any change of address."); Notice of Guidelines for Representing Yourself (Appearing "Pro Se") in Federal Court at 1, ECF No. 2 ("The Court will send orders or notices filed in your case to you at the address you provided to the Court. It is important to keep the Court and opposing counsel, if any, advised of your current address. Failure to do so could result in Court orders or other information not being timely delivered, which may result in your case being dismissed for failure to prosecute or otherwise affect your legal rights. The Court's local rules require you to file a notice of change of address with the Clerk of Court within fourteen (14) days of an address change." (citing E.D. Pa. Loc. Civ. R. 5.1(b))). This mailing date would have given Haymes until December 29, 2023, to file objections. Haynes has certified that he submitted the Objections for service on December 28, 2023, *see* ECF No. 49 at ECF pp. 6–8. Pursuant to the federal prisoner mailbox rule, the Court uses December 28, 2023, as the filing date. *Houston v. Lack*, 487 U.S. 266, 275–76 (1988) (providing that *pro se* petitioner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk"). Therefore, Haymes' Objections are timely filed.

Turning now to the review of those Objections, this Court conducts a de novo review and determination of the portions of the report and recommendation by the magistrate judge to which Haymes has objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); see also E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b) (providing requirements for filing objections to magistrate judge's proposed findings, recommendations or report). As best the Court can discern, Haymes objects only to Judge Sitarski's reference to him having not raised ineffective assistance of counsel claims as part of his first Post Conviction Relief Act ("PCRA") petition, which ultimately resulted in his state direct appellate rights being reinstated *nunc pro tunc*. *See* Objs. to Magistrate's R. & R. at ECF p. 2, ECF No. 49. He appears to object by explaining that he did not have to raise other ineffective assistance of counsel claims as part of his first PCRA petition. *See id.*

      This objection is meritless. Judge Sitarski was merely stating, factually, that Haymes did not raise any of the ineffective assistance of counsel claims he included in his Petition on direct appeal or in his first PCRA petition. *See* R. & R. at 7, ECF No. 46. While Haymes might have had a legitimate reason for not including such claims in his first PCRA petition, this reason is inconsequential because, more importantly, he never included such claims in his second PCRA petition, which he filed after exhausting his direct appeal rights. *See id.* (explaining that Haymes failed to include his ineffective assistance of counsel claims in his second PCRA petition); *Commonwealth v. Haymes*, No. 1325 EDA 2019, 2020 WL 3960353, at *4 (Pa. Super. Ct. July 13, 2020) (concluding Haymes waived ineffective assistance of counsel claims by failing to seek permission from PCRA court to file amended second PCRA petition to include such claims when original second PCRA petition lacked those claims).

[3] A court should only issue a certificate of appealability ("COA") if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If, however, the district court

> denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.* Here, Haymes has failed to meet his burden to show that a certificate of appealability should issue in this case.